UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Citation No. 1:92-cr-00405-CRR-1 |
| LINDON ANTHONY DURANT | ) ) ) | |
| Defendant/Movant | ) ) | |

**MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT AND
INCORPORATED MEMORANDUM OF SUPPORTING POINTS**

Pursuant to 28 USC § 2255, Lindon Anthony Durant, the Defendant and Movant, by and through undersigned counsel, respectfully moves this Honorable Court to vacate, set aside, or correct the judgment entered against him on the grounds of constitutional ineffective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), and the United States Constitution. A hearing on this motion is respectfully requested.

**I.   PROCEDURAL BACKGROUND**

On October 21, 1992, the Defendant was arrested in Washington, D.C. in connection with a narcotics investigation at a guest house on Rhode Island Avenue. On March 11, 1993, he was charged by information with conspiracy to distribute cocaine base in violation of 18 U.S.C. § 371.

The Defendant pleaded guilty to the single count in the information. On August 27, 1993, he was sentenced to two years of probation and a $50 special assessment. The case was closed satisfactorily following the completion of probation on August 26, 1995.

The Defendant's counsel at the time of plea and sentencing did not inform him of the immigration consequences of his conviction. In 2015, the Defendant applied for naturalization. On August 29, 2016, USCIS issued a Request for Evidence (RFE) seeking certified records related to his 1992 arrest and 1993 conviction. The Defendant responded, but USCIS deemed the submission insufficient. On September 23, 2016, a second RFE was issued. On November 29, 2016, USCIS denied his naturalization application, citing the 1993 conviction and lack of proof of disposition.

On January 24, 2011, the U.S. Department of Homeland Security referred the Defendant to ICE for potential removal under INA § 237(a)(2)(B)(i), alleging removability based on a controlled substance conviction. Although no Notice to Appear has been issued to date, the Defendant remains vulnerable to removal proceedings as a result of the 1993 conviction.

## II.     FACTUAL BASIS FOR THIS MOTION

The Defendant's conviction constitutes an aggravated felony under the Immigration and Nationality Act ("INA" or "Act"). *See* 8 USC 1101(a)(43)(U).

Under 8 U.S.C. § 1427(a) and 8 C.F.R. § 316.10(b)(1)(ii), a noncitizen who has been convicted of an aggravated felony on or after November 29, 1990 is permanently barred from establishing good moral character and thus permanently ineligible for naturalization. A conviction for conspiracy to distribute cocaine base qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

Moreover, if the conviction is also classified as a crime involving moral turpitude ("CIMT"), it may constitute an additional ground for denying naturalization under 8 U.S.C. § 1101(f)(3), which references inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and under 8 C.F.R. § 316.10(b)(2)(i). Courts have recognized that certain drug trafficking offenses, including

those involving distribution or conspiracy, may also qualify as CIMTs depending on the specific factual basis and elements.

Defendant's trial counsel never informed him that his guilty plea would trigger ineligibility for naturalization.

Under the INA, conviction of an aggravated felony renders a noncitizen removable from the United States. See 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, was enacted on April 24, 1996, several years after the Defendant's 1993 guilty plea.

The INA, as amended by the AEDPA and IIRIRA, makes convictions for drug trafficking offenses and conspiracy to commit them presumptively removable and bars nearly all forms of relief.

At the time of the Defendant's plea in 1993, he became immediately deportable as a result of the conviction. Although he remains eligible to apply for a § 212(c) waiver of deportation, his trial counsel never informed him that his guilty plea would trigger deportability, nor that he would need to affirmatively seek such relief in future removal proceedings if needed.

The Defendant's plea counsel never informed the Defendant of any consequences, including possible deportation.

Due to this ineffective assistance, the Defendant now faces both the risk of removal and the permanent ineligibility for naturalization, despite having lived in the United States for more than five decades.

The Defendant's plea counsel's ineffective assistance did not become apparent until he discussed his case with undersigned counsel, an attorney experienced in immigration law, who explained both the immigration consequences of his plea and the availability of post-conviction

relief. It takes a knowledgeable immigration practitioner to understand and convey how the Defendant's 1993 conviction not only made him deportable but also permanently barred him from naturalization unless vacated. His trial counsel failed to give him this critical guidance.

### III.  TIMELINESS

This Motion is timely. Under Section 2255(f)(4), a motion based on new evidence must be brought within one year of the date on which the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The factual basis for this Motion did not become apparent to the Defendant until his sister met with undersigned counsel on December 31, 2024. Although the Defendant had been denied naturalization in 2016, he did not understand the full legal consequences of his 1993 conviction, nor the deficiencies in his plea counsel's performance. It was only after consulting with an immigration attorney familiar with post-conviction relief that he became aware that his guilty plea had rendered him deportable and permanently ineligible for naturalization, and that this outcome could have been avoided with competent legal advice. The Defendant acted diligently upon this discovery.

### IV.  IN CUSTODY

For the purposes of this Motion, the Defendant is considered to be "in custody." Custody is construed broadly in the context of motions under 28 USC § 2255. In this case, the Defendant was sentenced, but remains a convicted felon, subject to many constraints. *See Glover v. North Carolina*, 301 F.Supp. 364 (E.D.N.C. 1969) (sentence served, but as a convicted felon, subject was disqualified from engaging in several activities). Thus, although not in the physical custody of the Bureau of Prisons, the Defendant is "in custody" for this 28 USC § 2255 Motion.

## V. CLAIMS FOR RELIEF

The Defendant received Constitutionally defective assistance of counsel during his plea in 1993 under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). This ineffective assistance did not become apparent until the Defendant met with an immigration specialist.

The Defendant is thus entitled to relief under Section 2255 because his conviction and sentence were imposed in violation of the Constitution or laws of the United States, and are otherwise subject to collateral attack, 28 U.S.C. § 2255(a), because "the alleged error constituted a fundamental defect which inherently result[ed] in a complete miscarriage of justice." *Siddiqi v. United States*, 98 F.3d 1427, 1438 (2d Cir. 1996) (quoting *Reed v. Farley*, 512 U.S. 339, 354, (1994) (internal quotation marks omitted).

### A. The Defendant's Trial Counsel Was Constitutionally Ineffective.

In *Strickland v. Washington*, the US Supreme Court held that in order to show that counsel was ineffective under the Constitution, the Defendant must show that counsel's representation fell below an objective standard of reasonableness. 466 U.S. 668, 687-88. Additionally, the counsel's deficiencies should show prejudice. *Id.* at 692.

Further, in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), the Supreme Court held that the Sixth Amendment requires defense counsel to advise a noncitizen of the risk of deportation arising from a guilty plea. The Court held that where a deportation consequence is "truly clear" an attorney needs to give equally clear, correct advice. *Id.* at 1483. Likewise, the Court held that where the law is not straightforward, a defense attorney only needs to advise a noncitizen that "pending criminal charges *may* carry a risk of adverse immigration consequences." *Id.* (emphasis

added). Thus, failing to advise a client of "truly clear" deportation consequences, would fall below the reasonable standard of effective assistance. *See id.*

      Here, the Defendant's trial counsel was clearly ineffective, as their advice to plead guilty to what would amount to be an aggravated felony and a CIMT under immigration law was Constitutionally deficient and fell below an objective standard of reasonableness. The law was straightforward and the ineligibility for naturalization and deportation consequences were clear. The INA establishes that convictions relating to controlled substances are considered aggravated felonies. *See* 8 USC § 1101(a)(43)(B). A conviction for an aggravated felony renders a noncitizen permanently ineligible for naturalization. See 8 U.S.C. § 1427(a) and 8 C.F.R. § 316.10(b)(1)(ii). Additionally, such convictions are a clear ground for deportation. See 8 U.S.C. § 1227(a)(2)(A)(iii). The INA also establishes that certain convictions involving moral turpitude (CIMT) carry severe immigration consequences. See 8 U.S.C. § 1182(a)(2)(A)(i)(I) and § 1227(a)(2)(A)(i). A conviction for a CIMT may render a noncitizen inadmissible or removable, depending on the timing and number of offenses. Moreover, a conviction for a CIMT may bar a noncitizen from establishing good moral character, which is a requirement for naturalization. See 8 U.S.C. § 1101(f)(3); 8 C.F.R. § 316.10(b)(2)(i). Thus, pleading guilty to a CIMT can make a lawful permanent resident both deportable and ineligible to naturalize.Thus, a plea for any crime relating to controlled substances would be considered an aggravated felony and possibly a CIMT and subject a noncitizen to both ineligibility for naturalization and removal from the United States. Clearly, an effective defense attorney would have advised their client that pleading guilty to a crime related to distributing controlled substances would not only render them permanently ineligible for naturalization, but also subject them to deportation. The Defendant was never informed that his guilty plea would render him permanently ineligible for naturalization and

could result in his removal from the United States. Accordingly, under Padilla v. Kentucky, the Defendant's trial counsel's representation fell below the objective standard of reasonableness where he failed to advise the Defendant of the immigration consequences of his plea.

Next, the trial counsel's defective assistance caused prejudice to the Defendant. "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669. Here, the Defendant is now ineligible for naturalization and remains vulnerable to removal from the United States because his counsel advised him to plead guilty to a controlled substance offense that constitutes an aggravated felony and a CIMT under the INA. The Defendant has held Lawful Permanent Resident status since 1972, has no other convictions, and has lived a productive life in the U.S. for over five decades. He has deep ties to the community in Maryland. If the Defendant had been properly advised of the consequences of his plea—including permanent ineligibility for naturalization and potential deportation—he would not have pled guilty. Instead, he would have explored alternative plea arrangements or taken his case to trial. His trial counsel's failure to advise him of the severe immigration consequences of his plea has resulted in significant and ongoing prejudice.

Due to this severe miscarriage of justice, the Defendant's conviction and judgment should be vacated, set aside, or corrected in the interests of justice. The Defendant never knew that his guilty plea would permanently bar him from naturalization and expose him to possible deportation from the United States. He was not equipped to understand the legal implications of his plea and was never advised of the devastating immigration consequences it would carry.

The Defendant respectfully reserves the right to supplement the record with supporting declarations and exhibits.

## VI. PRAYER FOR RELIEF

For the foregoing reasons, this Court should issue an order vacating the Defendant's conviction and sentence, and granting such other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED,

09/15/2025
_____
Dated

_____
Jaime Winthuysen Aparisi
819 Silver Spring Ave
Silver Spring, MD 20910
(301) 562-1416

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 15 day of September, 2025 that a copy of the foregoing Motion To Vacate, Set Aside, or Correct Judgment was served on the US Attorney, at the following address, via ECF:

United States Attorney's Office
601 D Street, NW
Washington, DC 20001

_____
Jaime Winthuysen Aparisi
819 Silver Spring Ave
Silver Spring, MD 20910
(301) 562-1416