**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LYNDON ANTHONY DURANT,

   *Petitioner*,

 v.

UNITED STATES OF AMERICA,

   *Respondent*.

Criminal Action No. 92-00405 (AHA)
Civil Action No. 25-03217 (AHA)

## Memorandum Opinion

Lyndon Anthony Durant moves to vacate his conviction for conspiring to distribute cocaine on the ground that his lawyer failed to advise him of the immigration consequences of pleading guilty. The government responds that Durant's motion is untimely, that Durant cannot obtain relief because he is not in custody, and that Durant has not shown his lawyer was ineffective. The court agrees that Durant cannot succeed on his claim and therefore denies the motion to vacate.

## I. Background

According to Durant's motion, in March 1993, he was charged with conspiracy to distribute cocaine base. ECF No. 499 at 1. He pled guilty and the court sentenced him to probation, which Durant completed. *Id*.

Durant, who is not a U.S. citizen, says that his defense lawyer did not advise him about the immigration consequences of pleading guilty, including that the conviction would make him subject to removal proceedings and ineligible for naturalization. *Id.* at 2. In January 2011, the Department of Homeland Security referred Durant for removal because of his conviction. *Id.*

Durant later applied for citizenship, and the government denied his application because of the conviction. *Id*.

Durant moves to vacate his conviction under 28 U.S.C. § 2255. ECF No. 499.[1]

## II.    Discussion

The court denies Durant's § 2255 motion because, under binding precedent, he did not have a constitutional right to be advised of the immigration consequences of his plea at the time of his criminal proceedings.

Section 2255 authorizes the court to "vacate, set aside or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "The petitioner bears the burden of proof and must demonstrate his right to relief by a preponderance of the evidence." *United States v. Moore*, 75 F. Supp. 3d 568, 571 (D.D.C. 2014) (citing *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973)). The motion may be denied without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255).

There can be no dispute that Durant had a Sixth Amendment right to the effective assistance of counsel during his criminal proceedings and can assert such a claim under § 2255. *See United States v. Toms*, 396 F.3d 427, 432 (D.C. Cir. 2005) ("It is well-established that the Sixth Amendment right to counsel comprehends 'the right to effective assistance of counsel,' and that Sixth Amendment claims may be raised in section 2255 proceedings." (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984))). To succeed on such a claim, a movant must generally

---

[1]    In his reply, Durant asks the court to alternatively construe his motion as a "petition for writ of error coram nobis" if it finds he does not satisfy § 2255's requirements. ECF No. 502 at 5. But the court need not decide how to construe his motion, because it concludes Durant has not demonstrated deficient performance by his counsel, and regardless of how his motion is construed, his Sixth Amendment claim requires this showing.

show his counsel's performance was deficient and caused prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). Many years after Durant's conviction, the Supreme Court recognized that a lawyer who fails to "inform her client whether his plea carries a risk of deportation" is constitutionally deficient. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). But the court has also since held that this guarantee "does not have retroactive effect" and does not apply to "defendants whose convictions became final prior to *Padilla*." *Chaidez v. United States*, 568 U.S. 342, 344, 358 (2013). This precedent forecloses Durant's motion.

Durant argues he can still show his lawyer was deficient because, before the Supreme Court's decision in *Padilla*, professional norms and precedent in multiple circuits had already recognized the duty to advise noncitizen clients of the immigration consequences of a conviction. ECF No. 502 at 4. But the Supreme Court rejected similar arguments in *Chaidez.* 568 U.S. at 356 (reasoning that although "a minority of courts recognized a separate rule for material misrepresentations," the rule did not apply to claims based on counsel's silence, which was not considered to violate the Sixth Amendment). And the Supreme Court included the D.C. Circuit among the jurisdictions that had foreclosed a Sixth Amendment claim based on failure to inform the defendant of immigration consequences. *Id.* at 350 n.7 (citing *United States v. Del Rosario*, 902 F.2d 55, 58–59 (D.C. Cir. 1990)); *see also United States v. Newman*, 805 F.3d 1143, 1147 (D.C. Cir. 2015) (stating that before *Padilla*, "defense attorneys had no duty to advise their clients about the immigration consequences of pleading guilty"); *United States v. Williams*, No. 02-cr-0273, 2022 WL 3211805, at *4–6 (D.D.C. Aug. 9, 2022) (concluding there was no deficient performance because movant had no right to be informed of immigration consequences of conviction before *Padilla*).

The record therefore shows Durant is "entitled to no relief." 28 U.S.C. § 2255.[2]

### III.    Conclusion

For these reasons, Durant's motion to vacate his conviction is denied. A separate order accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:   May 26, 2026

---

[2]    The court need not reach the government's arguments that Durant's motion is untimely and that Durant was not "in custody" within the meaning of § 2255. *See* ECF No. 501 at 5–6 (quoting 28 U.S.C. § 2255).